UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings:   ORDER FINDING EXOTO AND TONY KEUSSEYAN IN CRIMINAL CONTEMPT OF COURT

## I.   INTRODUCTION

Plaintiff Tyrrell Promotions Ltd. ("Plaintiff") moved for an order to show cause why Defendant Exoto, Inc. and its President, Tony Keusseyan (collectively, "Defendants"), should not be held in contempt for violating this Court's permanent injunction issued on May 24, 2006. (Dkt. 21). The Court granted the Plaintiff's Motion and issued an Order to Show Cause why Defendants should not be held in contempt for violating the Court's injunction. ECF No. 134.

The Court, for the forthcoming reasons, and having considered the parties' papers and arguments and testimony at the March 2023 evidentiary hearing, now finds Exoto and Tony Keusseyan in contempt.

## II.   BACKGROUND

### A.   Underlying Lawsuit

Plaintiff filed the underlying lawsuit against Defendants on September 2, 2005. The complaint alleged four causes of action: (1) cancellation of mark; (2) common law trademark infringement; (3)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

breach of contract; and (4) accounting. (Dkt. 36).[1] Plaintiff alleged that it was a family owned business that designs and manufactures high performance Formula One race cars produced between the 1960s and 1990s. Plaintiff further alleges that the Tyrell's name and mark became world-famous and as such, came to be associated with the quality and design of its cars, thus acquiring a secondary meaning.

Because of its popular mark, Plaintiff licenses the use of its trademark to companies that make model race car collector items. Defendant Exoto was one such company. Even though the licensing agreement between Plaintiff and Defendants expired in 2005, Defendants continued to sell and advertise its Tyrrell model cars in the United States without paying royalties to Plaintiff. Additionally, Defendants obtained a trademark registration from the U.S. Trademark Office for "Tyrell" and refused to voluntarily relinquish the registration to Plaintiff. Plaintiff filed this trademark infringement suit on September 2, 2005.

The parties ultimately entered into a Stipulated Permanent Injunction (the "Injunction"), which this Court entered on May 24, 2006. The Injunction states as follows:

> 1. IT IS HEREBY ORDERED THAT Defendant EXOTO, and its successors, assigns, agents, servants, shareholders, officers, directors, employees, and attorneys, and all other persons and/or entities acting in concert, or participation with any of them who receive actual or constructive notice or knowledge of this Injunction, are perpetually ordered and restrained and enjoined from:
>
> A. Directly or indirectly manufacturing (or causing a third-party to manufacture), selling, distributing, advertising or promoting any TYRRELL models and/or using the

---

[1] The facts of this case were set forth in the Court's previous orders dated February 15, 2007 and October 5, 2012 wherein the Court found Defendants in contempt of the permanent injunction (for the first and second times). Unless otherwise noted, the Court recites the facts as stated in the previous orders.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
|---|---|---|---|
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

        TYRRELL Name and Mark in any manner whatsoever in EXOTO's website catalogs, and all other printed promotional materials of any type or nature whatsoever.

    2.    IT IS FURTHER ORDERED that EXOTO, shall forthwith cause all catalogs and all other printed promotional materials of any type or nature whatsoever in existence as of the date hereof to be annotated so as to indicate clearly and unequivocally that TYRRELL models are no longer available for purchase from EXOTO.

    3.    IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the enforcement of this injunction as the ends of justice may require.

(Dkt. 21).

    **B.**    **First Contempt Proceeding**

    Defendants' compliance with the Injunction was short-lived. In October 2006, Plaintiff visited Exoto's website and discovered extensive use of Tyrrell's name and mark, as well as pictures of Plaintiff's cars. The same day, Plaintiff was able to place a telephone order for a Tyrrell model race car, which arrived in the mail the next day. On February 15, 2007, the Court issued an Order finding Exoto in civil contempt of court. (Dkt. 36). The Court granted Plaintiff relief, ordering Defendants (1) to make an accounting of its profits since the entry of the Injunction and to disgorge all such profits to Plaintiff resulting from the sale of the Tyrrell race car models; (2) to remove all references to "Tyrrell" within 2 days or else suffer a fine of $25,000 per day; (3) to pay $25,000 for any subsequent violation of the Injunction; and (4) to pay Plaintiff's fees and costs ($12,326.83) in litigating the contempt motion.

    **C.**    **Second Contempt Proceeding**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
|---|---|---|---|
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

After only six months, on August 16, 2007, Plaintiff filed a motion to impose fines against Defendants for violating the Court's February 15 Order. On September 26, 2007, the Court conducted an evidentiary hearing and issued the following clarifications of the Injunction:

1. No image, likeness, sale, or promotion of any kind of Tyrrell car shall be on the Exoto website;
2. No image, likeness, sale, or promotion of any kind of Tyrrell transporter shall be on the Exoto website;
3. No image, likeness, sale, or promotion to P003 and/or P34 shall appear on the Exoto website;
4. Exoto shall remove all images, likenesses, sales, or promotions of Tyrrell cars from its 2007 catalog.

(Dkt. 57). The Court admonished Defendants that any future breaches will be viewed as violations of the Court's Order. *Id.*

### D. Third Contempt Proceeding

Plaintiff claimed in 2012 that Defendants continued to violate the Court's mandate since the September 26, 2007 Order. Plaintiff alleged three violations based upon: (1) a website use of "Tyrell" and the sale of the "Tyrell" model car; (2) advertisements on social media; and (3) sales to nationwide distributors. (Dkt. 77). The Court issued an order to show cause. *Id.*

The Court again found Defendants in contempt. The Court ordered that Exoto make an accounting and pay Plaintiff's attorneys' fees. The Court admonished Defendants that any future violations of the Court's orders may provide a basis for a finding of criminal contempt. (Dkt. 83).

### E. Fourth Contempt Proceeding

On August 12, 2013, Tyrell again filed a motion for an order to show cause as to why Defendants should not be held in contempt because Defendants allegedly failed to pay attorneys' fees, provide Tyrrell with the identities and locations of all suppliers to Tyrrell model cars, and engage a law firm to conduct an independent audit of Defendants' finances. (Dkt. 106). On September 11, 2013, the

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
|---|---|---|---|
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

parties entered into a settlement agreement. Defendants did not timely pay under the settlement, but the parties independently resolved that dispute, and the Court entered the parties' stipulated judgment in favor of Tyrrell and against Defendants. (Dkts. 106, 114, 115).

    **F.**    **The Instant Contempt Proceeding**

On January 30, 2023, Plaintiff claimed that Defendants were offering for sale the model cars on eBay using an alias. Mot. at 5. On November 5, 2022, a hobbyist purchased a Tyrrell model car for $537.00. Mot. at 5-6. The hobbyist communicated with someone named "Tony" on eBay and the return address for the car was marked "Exoto and Tony Keusseyan." *Id.* at 6.

Plaintiff requested that the Court issue an order to show cause why both Exoto and Tony Keusseyan should not be held in civil contempt. Plaintiff also requested that the Court require Defendants to, among other things, give Plaintiff back any model cars or related promotional materials; make an accounting; pay attorneys' fees and a trebled fine; and find that Tony Keusseyan made false statements under oath, as he previously swore under oath that Exoto had no stock of Tyrrell products, as well as to modify the permanent injunction. Mot. at 9-11.

Plaintiff filed its motion on January 30, 2023. Defendants opposed. Plaintiff filed its reply. The Court granted Defendants' request for cross examination of the hobbyist, Jared Forman, and held an evidentiary hearing on March 6, 2023, where it notified the parties that the Court contemplated criminal sanctions in this proceeding. Following the hearing, the Court granted Plaintiffs' motion and issued an Order to Show Cause as to why criminal sanctions would not be appropriate in this circumstance. The parties subsequently filed responses to the Order to Show Cause.

For the forthcoming reasons, the Court now finds Defendants in criminal contempt.

**III.**    **ANALYSIS**

    **A. Legal Standard for Criminal Contempt**

18 U.S.C. section 401 empowers courts to impose criminal contempt sanctions. It provides that

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

"The necessity justification for the contempt authority is at its pinnacle, of course, where contumacious conduct threatens a court's immediate ability to conduct its proceedings, such as where a witness refuses to testify, or a party disrupts the court." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 832 (1994).

The distinction between civil and criminal contempt looks to the "character and purpose" of the sanction imposed. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005). Criminal contempt is punitive and is imposed to "vindicate the authority of the court." *Gompers*, 221 U.S. at 441. In contrast, civil contempt has a remedial purpose. *Id.* The character of a contempt sanction is not determined solely by the stated purposed proffered by the court, but rather by looking to the "character of the relief itself." *Bagwell*, 512 U.S. at 828 (internal quotations and citations omitted).

In the context of a monetary sanction, a fine constitutes a criminal contempt sanction when lacks a compensatory purpose and is unconditional, with no opportunity for the contemnor to purge the contempt and thus avoid or reduce the fine. *Id.* at 829. On the other hand, a fine constitutes a civil sanction when it is remedial, coercing the contemnor into compliance with the court's order, or when is compensatory, imposing the costs of the contumacious conduct on the contemnor. *Id.* The Ninth Circuit has noted that "the Supreme Court has tended to classify fines paid to the court as punitive fines, while fines payable to another party are remedial." *Lasar*, 399 F.3d at 1111.

Finally, the level of due process required also varies with the nature of the contempt and character of the sanction. Ordinarily, a "direct" contempt – committed in the presence of the court itself – has been subject to summary adjudication to permit the court to immediately restore order, even where the sanction is criminal in nature. *Bagwell*, 512 U.S. at 832; *Taylor v. Hayes*, 418 U.S. 488, 497 (1974).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
|---|---|---|---|
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

However, "[i]f a court delays punishing a direct contempt until the completion of [proceeding], [] due process requires that the contemnor's rights to notice and a hearing be respected." *Bagwell*, 512 U.S. at 832. When a court is contemplating only civil contempt sanctions, not criminal ones, it need only provide notice of the specific charges and an opportunity to be heard; neither a "full-scale trial" nor additional process are required. *Taylor*, 418 U.S. at 498-99; *Lasar*, 399 F.3d at 1112-13.

Criminal contempt requires that the Court find the contemnor to have acted willfully. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

### B. Violation of the Injunction and the Court's Subsequent Orders

Plaintiff has presented clear and convincing evidence that Defendants have willfully violated the Injunction and the Court's subsequent Order dated September 26, 2007. These orders, as stated above, forbade Defendants from (1) making, selling, advertising or distributing any Tyrrell models, and (2) using Tyrrell's name or trademark, or the image or likeness of any Tyrrell car or transporter, on Defendant's website or other printed promotional materials. Based on Plaintiff's proffered evidence, the Court concludes that Defendants' recent conduct violates these mandates by clear and convincing proof.

#### 1. Plaintiff's Evidence

More specifically, Plaintiff has offered the following evidence as proof that Defendant has violated the Court's mandates: that Jared Forman, a hobbyist, conducted an internet search for Tyrrell scale cars being offered for sale by Exoto or Tony Keusseyan. Declaration of Jared Forman ("Forman Decl."), ECF No. 118-1, at ¶ 2; *Id.* Ex. 1. On November 4, 2022, Forman went to eBay's website and found an "Exoto 43/ELF Tyrrell-Ford F1 Race Car Transporter" on sale for $537.00 from a seller called "Casabattiloro." *Id.* ¶ 4; *Id.* Ex. 3. Forman left the seller a voice message after calling the number linked to Exoto. *Id.* ¶ 5.

An hour later, he received a call from a man who identified himself as Tony. *Id.* ¶ 6. Forman asked "Tony" if the seller calling itself "Casabattiloro/Speed Aficionado" was actually Exoto, to which Tony replied thar it was. *Id.* Forman completed the purchase and got a notification that "Exoto, Inc." had charged his card, as well as a receipt from Exoto Inc. *Id.* ¶¶ 7-9. After receiving the package, which contained a model transporter, a truck, Forman noted that it listed the sender as "Tony Keusseyan Exoto

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

Inc" of Tarzana, California. *Id.* ¶ 11. The transporter looked in all regards like a Tyrrell transporter, but was not explicitly marked "Tyrrell."

On November 10, 2022, Forman called the same number and left a voicemail regarding an incorrect credit card charge and expressing an interest in purchasing another model car to offset the overcharge. *Id.* ¶ 13. The next day, "Tony from Exoto" called back and sent Forman another model car, the F1 Stewart, which arrived a package again listing "Tony Keusseyan Exoto Inc." as the sender. *Id.* ¶ 14-16; *Id.* Ex. 8. The car was explicitly marked "Tyrrell." *Id.*

Attached to his declaration, Forman also provided numerous screenshots of other Tyrrell listings on the "Casabattiloro" eBay account. *See id.* Ex. 1.

2. **Defendant's Arguments**

In response, Defendants contend that Exoto has fully complied with the Court's 2007 Order. Opp'n at 1. Defendants contend that the Casabattiloro eBay seller is a different entity than Exoto or Tony Keusseyan. *Id.* at 2. Namely, the account belongs to Eileen Keusseyan, who purportedly set up the account to "list[] and sell[] sterling silver decorative and household items," but which has listed and/or sold "many different types of items, including scale model cars." Declaration of Eileen Keusseyan, ECF No. 123-4, at ¶¶ 5-6.

Defendants also contend that the models were returned and that all royalties were apparently paid on them, leading Tony to believe he was permitted to sell the cars and was not violating the Injunction by doing so. Opp'n at 12; ECF No. 137 at 6-8. Similarly, Defendants contend that one of the cars was not sold to Forman, but rather given to him as part of a credit after a credit card overcharge.

Defendants also contend that one of the cars sold was not a Tyrrell car, but instead a "transporter" model that did not bear any Tyrrell marks. In response, Plaintiffs argue that it had all the features of a Tyrrell transporter and was only devoid of the logo.

Last, Defendants dispute the nature of the conversation between Forman and "Tony." Tony Keusseyan contends that he did not represent the cars as Tyrrells, and that the reason the shipping label had his name on it was because "Exoto has an over 35-year relationship with its shipping company,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

UPS, which provides deep discounts in shipping goods." Declaration of Tony Keusseyan, ECF No. 123-6, at ¶ 15. In a supplemental declaration, Forman asserts that Tony's declaration and description of the phone conversations is not accurate. ECF No. 126-1 at ¶ 2.

   3. Discussion

The Forman Declaration, as well as the accompanying exhibits, which include photographs of the cars received and screenshots of the relevant aspects of the transactions, sufficiently demonstrates by clear and convincing evidence that Exoto has continued to advertise and sell Tyrrell model cars. Though the account belongs to Eileen Keusseyan," the fact that Forman communicated with someone named "Tony" and that the names "Tony Keusseyan and Exoto" appear on the shipping labels persuade the Court that Tony himself was using the account.

The Court, to that end, found Forman's testimony credible at the evidentiary hearing. Forman credibly testified that he called Exoto's phone number, and Tony answered. Forman also credibly testified that Tony represented both the car and transporter as Tyrrell models and that the eBay account was really Exoto. Transcript at 16:23-53:16. (examination of Jared Forman). In sum, the Court accepts Forman's version of events, including the substance of the telephone conversations between him and Tony.

On the other hand, Tony was not credible. Tony's demeanor was agitated, and was evasive while being cross-examined. He presented the following excuses: that he had been entrapped by Plaintiff; that he had not really sold a Tyrrell car because he had given the car marked Tyrrell to Forman to offset a credit card overcharge incurred after Forman made the first purchase, for the transporter; and that Tony had received a large return from a Middle Eastern business and that he believed all royalties had been paid on these Tyrrell cars; that the Tyrrell transporter was not marked "Tyrrell," and he believed it to bear United States, not English, colors; and that the eBay account that sold Forman the models was a separate entity from Exoto. Transcript at 54:22-78:18.

The Court does not find these arguments credible. Tony's testimony revealed that he was well-apprised of the Injunction's nature, which bars him from selling any Tyrrell model cars. But even if the Court accepts his version of events, they are all unavailing. First, the Court construes Forman's acquisition of the car, the second transaction, as a purchase. As Tony testified, he may have given it to

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

Forman to offset a credit card overcharge, but he did not give it to Forman for free. And the Injunction bars "distribution," not just sales.

Second, accepting that the transporter did not explicitly bear the word Tyrrell and Tony therefore honestly believed that it was not subject to the Injunction and not a "sale," Tony still sold the car that *was* explicitly marked Tyrrell. Even if Tony believed that all royalties had been paid on the car, this would still not empower him to sell the car under the terms of the Injunction, which provides that Tony is enjoined from "Directly or indirectly manufacturing (or causing a third-party to manufacture), selling, distributing, advertising or promoting any TYRRELL models and/or using the TYRRELL Name and Mark in any manner whatsoever," which contains no exceptions for cars upon which a royalty had been paid. Though the Court therefore holds that it is irrelevant whether any royalties had been paid on the car, Defendants provided no evidence that they had been—only proof that the Middle Eastern distributor had shipped them back to Exoto. *See* Opp'n, Ex. A. The Court also does not find Tony's arguments to this effect, at ECF No. 139, unavailing given his past experiences with the Injunction's interpretation and the plain meaning of the Injunction.

And third, Tony's argument that the account did not belong to him or Exoto is unavailing. Even if Eileen operated the account, the Court agrees with Plaintiff that Eileen was also bound by the 2007 Order given that she was the attorney of record and therefore was encompassed by the Order's language stating that it binds "successors, assigns, agents, servants, shareholders, officers, directors, employees, and attorneys, and all other persons and/or entities acting in concert, or participation with any of them who receive actual or constructive notice or knowledge of this Injunction." The parties do not dispute that Eileen had actual knowledge of the injunction given that she was attorney or record in this case.

Last, the Court finds it irrelevant that Plaintiff essentially set Tony up and that Tony did not provide his number on eBay. Tony intentionally sold the Tyrrell car once contacted and willingly identified the Casabattiloro account as one connected to Exoto. The fact that Tony would not have made the sale had he known it was instigated by Plaintiffs is no excuse.

Having considered the parties' papers, arguments, and the testimony at the evidentiary hearing, the evidence on the record before the Court shows that Tony and his company, Exoto, willfully violated the Injunction given that he intentionally sold a Tyrrell car to Forman.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:05-cv-06539-SVW-JWJ | Date | March 29, 2023 |
|---|---|---|---|
| Title | *Tyrrell Promotions Ltd. v. Exoto Inc. et. al.* | | |

The Court nevertheless declines to find that Tony made a false statement to the Court in prior proceedings by stating that he had no more Tyrrell cars. If his version of events is true, he received the cars at issue during the pandemic, around 2020, so it is possible he truly did not have any Tyrrell cars at the time he last testified, which was before the pandemic.

The Court shall determine remedies, such as monetary fines, injunctive relief, and attorneys' fees, at the sentencing hearing.

### IV. CONCLUSION

For the reasons stated above, accordingly, Defendants are held in criminal contempt. Having considered the parties' papers, arguments, declarations, and the witness's demeanors at the evidentiary hearing, the record before the Court shows that Tony and Exoto willfully violated the Court's injunction. Sentencing shall be set for Monday, May 1, at 11am. The parties may submit sentencing briefs no later than April 21, 2023.

Initials of Preparer: VDR