Steven E. Young (SBN 63278)
*steven.young@practus.com*
Sana Swe (SBN 173024)
*sana.swe@practus.com*
Andrew H. Heger (SBN 194870)
*andrew.heger@practus.com*
PRACTUS LLP
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 641-5001

*Attorneys for Plaintiff Tyrrell Promotions, Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TYRRELL PROMOTIONS, LTD., a United Kingdom company,<br><br>　　　Plaintiff,<br><br>vs.<br><br>EXOTO, INC., a California corporation,<br><br><br>　　Defendant. | Case No.: CV 05-6539-SVW (JWJX)<br><br>*The Honorable Stephen V. Wilson*<br><br>**TYRRELL PROMOTIONS, LTD.'S SENTENCING MEMORANDUM**<br><br>**Sentencing Date:  May 1, 2023**<br>**Time:　　　　　11:00 a.m.** |

Plaintiff Tyrrell Promotions, Ltd. ("Tyrrell") hereby respectfully submits its Sentencing Memorandum.

## I. THE COURT HAS WIDE DISCRETION TO IMPOSE ANY SENTENCE IT DEEMS APPROPRIATE UNDER THE CIRCUMSTANCES OF THIS CASE.

Long-settled federal jurisprudence gives courts wide latitude in exercising their inherent power to punish acts of contempt, such as failing to comply with lawful court orders. *See, e.g., Young v. United States*, 481 U.S. 787, 798 (1987) (contempt power is necessary to protect court's ability to, among other things, enforce its judgments and orders); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (criminal contempt is punitive and is imposed to "vindicate the authority of the court"); *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911) (same).

The general federal contempt statute, 18 U.S.C. § 401, grants the Court the power to "punish by *fine or imprisonment, at its discretion*, disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3) (emphasis added). That statute does not specify a minimum or maximum penalty.

## II. THE COURT SHOULD IMPOSE THE MAXIMUM ALLOWABLE SENTENCE ON EXOTO AND MR. KEUSSEYAN.

Tyrrell urges the Court to impose the maximum sentence allowed by law in the Court's discretion, as explained below.

The Court's Minute Order of March 29, 2023, finds that serial contemnor Exoto, Inc. ("Exoto") and its principal, Tony Keusseyan, have repeatedly and unmistakably violated the Stipulated Preliminary Injunction ("SPI") and the subsequent Orders of this Court ("Court's Orders"). Indeed, given that Defendants have been *caught* violating the SPI, the Court's Orders, and Tyrrell's

///

intellectual property rights *four times*, the reality is that they probably have been violating them continuously in the 17 years since the SPI was signed.

In the three previous contempt proceedings, the Court imposed certain remedies, awarded attorney's fees on some occasions, and threatened Defendants with a substantial fines and criminal contempt if there were future violations. Clearly, none of this has worked. Defendants simply will not recognize the authority of the SPI and the Court's Orders (never mind respect Tyrrell's intellectual property rights). To use a metaphor, they have "thumbed their noses" at this Court. They remain defiant.

Moreover, Defendants in trying to defend Tyrrell's current Motion for OSC, advocated positions that were knowingly false, intellectually dishonest, or both, again showing their total disdain for the law, the authority of this Court, and Tyrrell's intellectual property rights. Five of Defendants' arguments are addressed as follows:

***First***, Defendants disingenuously argued *both* that a company separate from Exoto (called, "Casabattloro") sold the Tyrrell model race car and transporter, *and* that Exoto was entitled to sell them (and other allegedly "returned" Tyrrell models) because Exoto allegedly had paid royalties on them. There are several defects in these positions, including: (A) Casabattloro is owed by Tony Keusseyan's attorney wife, Eileen Keusseyan, and the SPI's prohibitions against selling, advertising, and marketing of Tyrrell models applies to Exoto's attorneys and all persons acting in concert or participation with Exoto. Eileen Keusseyan *signed the SPI as counsel for Exoto* and is counsel of record in these proceedings. In addition, she plainly acted in concert with him vis-à-vis using her seller's page for Tyrrell models! and, (B) No authority was offered (as there is none) that, because the inventory from which the sales were made to Jared Forman was allegedly "returns" on which royalties had allegedly "been paid," the prohibitions of the SPI and the Court's Orders did not apply, such that Exoto and Mr. Keusseyan were free to sell the Tyrrell models as they wished.

***Second***, *Defendants continued to use the Tyrrell name and an accompanying photograph of a Tyrrell race car **on Exoto's website***, not just on their eBay website, as

they asserted. In fact, using a simple search process — three keystrokes — on the Exoto website, the Tyrrell name and a Tyrrell race car were displayed. ***This was the case until March 26, 2023 – more than two months after Tyrrell pointed out these violations in its moving papers!*** Even if one were to believe Exoto's claim that the reference was "merely historical," the fact is that Exoto still refused to take the reference down. This information should have been removed when the SPI was first issued in 2006. Exoto's decision not to remove it in January is inconsistent with its claim that the content was there as a result of an "erroneous migration of a page to Exoto's website." If it had been the result of a mistake and Exoto was acting in good faith, it would have promptly corrected the error. Mr. Keusseyan's declaration to the contrary is not credible.

**Third**, Defendants argue that they innocently sold two Tyrrell models and that the sales were forced upon them by Mr. Forman. Nonsense. Exoto was actively offering to sell "148 bundled sets" of Tyrrell models, touting them as being as "in stock", "low stock" and "buy it now." These were active sales efforts, in clear violation of the SPI and this Court's subsequent Orders, once again demonstrating Defendants' willingness to state and assert falsehoods under oath and the intellectual dishonesty of their legal arguments.

***Fourth,*** the models Exoto offered for sale were given item numbers that did not match the item numbers of the models purportedly returned by Aladdin, strongly suggesting that Defendants had many more Tyrrell model cars in inventory than just those allegedly returned by Aladdin. Defendants have never provided an explanation for these discrepancies.

**Finally**, Defendant's disingenuous assertion that what was clearly a model of the "1971 Exoto L13/ELF Tyrrell Ford F1 Race Car Transporter" was not a model of the actual transporter used by the Tyrrell/ ELF racing team, but merely a

///

///

3

1  "typical generic car transporter," demonstrates the depth of Exoto's and Mr.

2  Keusseyan's complete and utter disregard for the truth and willingness to make

3  false statements under oath, as well as complete disdain for the law and the authority of

4  this Court.

5  **III.   CONCLUSION**

6      For all of the above reasons, as well as the findings of this Court in its Minutes of

7  March 29, 2023, Tyrrell respectfully requests that the Court exercise its broad discretion

8  and impose the harshest sentence and sanctions against Exoto and Mr. Keusseyan for

9  their 17 years of disregard of the law, the authority of this Court, and Tyrrell's

10  intellectual property rights. Tyrrell also requests that the Court consider and address the

11  remedies requested by Tyrrell, including but not limited to recovery of its attorney's

12  fees and costs for once again having to bring a legal proceeding against Exoto.

13  Dated:  April 21, 2023                    Respectfully submitted,

14                                           PRACTUS LLP

16                                           By: _____

17                                                Steven E. Young

18                                           Attorneys for Tyrrell Promotions, Ltd.

4